BRYAN, Judge,
concurring in part, concurring in the result in part, and dissenting in part.
I concur in each part of the main opinion that reverses the judgment of the trial court, specifically those parts of the main opinion regarding: the trial court’s failure to enter a visitation judgment that accurately reflected the agreement of the parties; the trial court’s finding that Cheryl Perdue Freeman (“the former wife”) willfully failed to pay Charles Dewayne Freeman (“the former husband”) his portion of the equity in the former marital residence; the trial court’s finding that the former wife willfully violated the divorce judgment by borrowing additional funds when she refinanced the first mortgage on the marital residence; the trial court’s error in calculating the former husband’s equity in the former marital residence; the trial court’s determination that the former wife’s contempt claim relating to the former husband’s life-insurance policy was moot; and the award of attorney’s fees to the former husband.
Although I believe that the trial court exceeded its discretion by failing to permit the former wife to request discovery related to determining the former husband’s monthly income, I agree that there is undisputed evidence of the former husband’s ability to pay for the needs of the children and, thus, that the trial court’s error, in this particular instance, was harmless. I also agree that this court cannot review any of the issues raised by the former wife on appeal that were not properly preserved for this court’s review. Regarding the parts of the main opinion concerning the retroactive application of the modified child-support award and the medical expenses of the children, I concur in the result only.
However, I respectfully dissent from the remaining conclusions set forth in the main opinion.